## Sanders v. Commonwealth.

(Decided Oct. 20, 1936.)

G. G. RAWLINGS for appellant.

B. M. VINCENT, Attorney General, and W. OWEN KELLER, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Reversing.

Richard Sanders appeals from a judgment convicting him of voluntary manslaughter, and fixing his punishment at five years' imprisonment.

The chief ground urged for a reversal is that the court erred in failing to instruct on involuntary manslaughter.

The evidence for the commonwealth discloses that appellant and the deceased, Ernest Ray, both colored boys, had been drinking and quarreling, and a short time before appellant had struck Ray. At the time of the homicide Ray was standing on the concrete pavement facing appellant. Lloyd McCreary testified that he discovered a pair of knucks under appellant's gloves. O. J. Johnson saw appellant strike the deceased a glancing blow on the head. The back and head of the deceased hit on the soft part of the ground at least a foot from the sidewalk. Dr. H. W. Bond examined the deceased after the difficulty and found a slight abrasion across the bridge of his nose and a deep wound on the back of his head extending down about $2\frac{1}{2}$ inches from the top. In his opinion the wound on the back of the head was the cause of the death of the deceased. There was blood on the sidewalk.

On the other hand, appellant testified that he did not strike the deceased with knucks, that he had no knucks on his hand, that he had on gloves, and could not get a pair of knucks under the gloves. He struck Ray in the face with his fist. They were good friends and he did not intend to kill him. Walter Jones, who was present, testified that appellant had on kid gloves when he hit the deceased.

It is true that in the case of Cheatham v. Commonwealth, 228 Ky. 765, 15 S. W. (2d) 525, we held that where the defendant's guilt in a homicide case was predicated on his use of a deadly weapon, refusal to give an instruction on involuntary manslaughter was not error. It must not be overlooked, however, that, although the accused claimed in that case that he struck the deceased with his fist, the jaw of the deceased was fractured and the injuries were such that they could not have been inflicted by a bare fist. Here the situation is different. The only evidence that appellant had on knucks was the statement of McCreary that he "discovered a pair of knucks under his gloves," and the further evidence that the deceased did not fall on the sidewalk or curbing. Opposed to this is the evidence that appellant did not have on knucks, but had on gloves and could not get knucks under his gloves, that he struck

the deceased with his fist and did not intend to kill him, that the deceased was facing him at the time and could not have been struck on the back of his head, and that there was blood on the sidewalk. Manifestly, if the evidence favoring appellant is to be believed, it presents only a case of involuntary manslaughter, in that while doing an unlawful act not amounting to a felony, or likely to endanger human life, appellant killed the deceased. Roberson's Criminal Law, section 394. Commonwealth v. Owens, 198 Ky. 655, 249 S. W. 792. We are therefore constrained to hold that the court should have instructed on involuntary manslaughter. Kearns v. Commonwealth, 243 Ky. 745, 49 S. W. (2d) 1009.

Judgment reversed and cause remanded for a new trial not inconsistent with this opinion.