# Cook v. Commonwealth.

March 18, 1941.

R. Hall Hood for appellant.

Hubert Meredith, Attorney General, and R. Vincent Goodlett for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Reversing.

Four years and one day is the penalty imposed by the jury in convicting Maston (Cub) Cook of voluntary manslaughter for the killing of Carlos Evans.

In the early evening of the primary election day in August, 1939, when quite a crowd had gathered on the sidewalk in Murray, several witnesses saw Cook strike Evans and knock him down into the street just in front of a parked automobile. The parties were facing one another and the witnesses heard nothing that passed between them. Prince McReynolds testified that he heard the lick and knew that it was made by a blackjack. He claimed his experience taught him to recognize the sound such an instrument makes when striking the head of a man. He also testified that when Cook started away he had what looked like a blackjack in his hand. No other witness saw it or testified that the defendant had any sort of weapon. Evans was knocked unconscious and died a week later without having regained consciousness. His head had struck the bumper or fender of the automobile and his death was caused by a blow on the back of his head at the base of the brain.

The defendant related that the deceased was drinking that day; that they had had some words in the late afternoon about trouble which they had a year and a half before growing out of the theft of a moonshine still. He testified that while he was standing on the sidewalk Evans came up and told him that he had had a fight with another man, and asked if he would help him. He told

him that he would and Evans responded, "You would be a son-of-a-bitch if you didn't." He brought up the difficulty they had in the afternoon and one word brought on another. Cook had been told about Evans having made some threats that afternoon. The defendant says that he kept coming on him and refused to stay back, so that he struck Evans on his jaw with his fist and he fell off the sidewalk. He walked away to avoid further trouble. He had no blackjack or other weapon. The reputation of the deceased for peace and quiet was proved to be bad when he was drinking. Several witnesses corroborated the defendant in a general way.

We are of opinion that the omission of an instruction on involuntary manslaughter was prejudicial error. The case is like Sanders v. Commonwealth, 265 Ky. 671, 97 S. W. (2d) 584, in which the Commonwealth claimed the defendant had struck the deceased with metal knucks, causing him to fall and strike the back of his head and suffer a fatal wound, and the defendant claimed to have struck the man only with his bare fist. We pointed out that if the evidence favoring the defendant was to be believed he was guilty only of involuntary manslaughter because he had killed the man while doing an unlawful act not amounting to a felony, or not likely to endanger life. The opinion distinguishes Cheatham v. Commonwealth, 228 Ky. 765, 15 S. W. (2d) 525, holding that it was not error under the circumstances to omit an instruction on involuntary manslaughter. See, also, Kearns v. Commonwealth, 243 Ky. 745, 49 S. W. (2d) 1009.

Judgment reversed.